UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                Plaintiff,

-against-

TOWN OF OSSINING, New York,

                Defendants.

------------------------------------------------------------x

**ORIGINAL**

07 Civ ( )
**07 CIV. 5718**
**COMPLAINT**

**Jury Trial Demanded**

Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory ban on the placement of newsracks on public property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant TOWN OF OSSINING, New York (hereinafter "Town"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Town has adopted and enforces Article III of its code concerning "Newsracks", which provides in pertinent respect:

> **"§197.21. Regulations.**
>
> \*                    \*                    \*
>
> B. No person shall install, use or maintain any newsrack which, in whole or in part, rests upon, in or over any sidewalk or parkway, when:
>
> > (1) Such installation, use or maintenance endangers the safety of persons or property,
> >
> > (2) Such site or location is used for public utility purposes public transportation purposes or governmental use;
> >
> > (3) Such newsrack unreasonably interferes with/or impedes the flow of pedestrian. . ., or the use of poles, posts, traffic signs or signals, mailboxes or other objects permitted at or near said

location. . .

* * *

C. Any newsrack which in whole or in part rests upon, in or over any sidewalk. . .shall comply with the following standards:

* * *

(3). . .No newsrack shall be placed or maintained on a sidewalk or parkway opposite a newsstand or another newsrack"

* * *

**§197-22. Penalties for offenses.**

A conviction for a violation of any provision of this chapter is hereby declared to be a violation and shall be punishable by a fine. . .In addition, each day in which the violation continues shall constitute a separate offense."

## AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Section 197-21(b)(1) on its face is unconstitutionally vague and as such constitutes a prior restrain (without benefit of any meaningful time, place and/or manner limitations) on Plaintiff's exercise of its rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. Section 197-21(B)(2)'s absolute ban on the place of newsracks at sites or locations used for public utility purposes, public transportation and/or governmental use constitutes an unconstitutional prior restraint (without benefit of time, place and/or manner limitations) violative of Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Section 197-21(B)(3) is unconstitutionally vague and as such constitutes an impermissible prior restraint (without benefit of any meaningful time, place or manner limitations) violative of Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

12. Section 197-21(C)(2)'s ban on the placement of newsracks on a sidewalk or parkway opposite a newsstand or another newsrack constitutes an unlawful prior restraint

(without benefit of any time, place and/or manner limitations) violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CLAIM

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

14. Section 197-22, in conjunction with Sections 197-21(B)(1), (B)(2, (B)(3), and/or the final sentence contained in Section (C)(2) constitute and impermissible prior restraint (without benefit of time, place, manner limitations) violative of Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Declaring Sections 197-21(b)(1), (2), (3) and (C)(2) [to the extent of its final sentence] violative of Plaintiff's First Amendment rights,

    b. Ordering the Village to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Village,

    c. Permanently enjoining Defendant from enforcing as against Plaintiff said sections of its code,

    d. Awarding such compensatory damages as the jury may determine,

    e. Awarding reasonable attorney's fees and costs, and,

      f.   Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       June 2, 2007

                                             LOVETT & GOULD, LLP
                                             By:_____
                                                 Jonathan Lovett (4854)
                                             Attorneys for Plaintiff
                                             222 Bloomingdale Road
                                             White Plains, N.Y. 10605
                                             914-428-8401